The Honorable Ben E. Vidricksen State Senator, 24th District 1427 W. Republic Salina, Kansas 67401
Dear Senator Vidricksen:
You request our opinion regarding the manner in which a vacancy in member position 6 of the Kansas State Board of Education is to be filled. You also ask whether the member position will be subject to election in the upcoming general election scheduled for November 7, 2000.
You raise this issue as there is the possibility that the person who serves in member position 6 of the Kansas State Board of Education may not meet constitutional and statutory qualifications for office.[1] The person serving in member position 6 has neither submitted a resignation from office nor been removed from the State Board through court action.
"A vacancy shall occur in a board member position under any of the following circumstances:
"(1) Death of a board member on the date of death.
 "(2) Removal of a board member, on the date the removal order is final, or if appealed to the court on the date the court action becomes final.
 "(3) By written resignation of a member filed with the state board, on the date specified in the resignation, which shall be not later than sixty (60) days after such resignation is so filed."[2]
Until such time as one of these events occurs, a vacancy does not exist. However, in answering your inquiry, we will accept the premise that a vacancy actually exists.
Article 6, Section 3 of the Kansas Constitution directs in part that "[t]he legislature shall prescribe the manner in which vacancies occurring on the [state] board [of education] shall be filled." Following this directive, the Legislature has determined "[w]henever a vacancy occurs in the office of member of the state board of education, such vacancy shall be filled in the manner provided for in K.S.A. 25-3902a."[3] The procedure in K.S.A. 1999 Supp. 25-3902a to be followed in filling a vacancy in the State Board is determined by the number of counties included in the particular member district. Member district 6 consists of senatorial districts 21, 22, 24, and 36.[4] The territory includes all or portions of 22 counties.[5]
"(d) If all or part of five or more counties lie within the board member district, the county chairperson of the county in which the greatest number of qualified voters of the district reside shall call a convention of all county chairpersons and vice-chairpersons of the party of the counties in such district. Such convention shall be held at a location within the district selected by the chairperson calling the convention. Such county chairperson shall call the convention by mailing a notice to each such county chairperson and vice-chairperson, at least seven days before the date of the convention. Such notice shall state: (1) The place where the convention is to be held; (2) the time when the convention will convene; and (3) the purpose for which the convention is to be held, and such convention shall be conducted as provided in subsection (e).
"(e) At the time and place fixed for holding the convention, the county chairperson who called the convention shall act as temporary chairperson and shall call the convention to order. One-third of the eligible members of the convention shall constitute a quorum for such election. In the event a quorum is not present at the time and place that such convention is called, the members present shall adjourn the convention to a day and time certain, which shall be not later than 14 days after adjournment of such convention, and provide for notification of the time and place of such adjourned convention to be given to the eligible members not present. The convention shall proceed to organize by electing a permanent chairperson and such other officers as necessary. After the convention is organized, it shall proceed to elect a person to be appointed by the governor to fill the vacancy. Such election shall be by secret ballot and the person elected shall be the one who shall receive the majority of all the votes cast. If no person receives a majority of all votes cast on any ballot, the balloting shall continue until some person receives a majority of all the votes cast. Each county chairperson and vice-chairperson of the party of the counties in such district shall be entitled to vote. No county chairperson or vice-chairperson shall be represented or shall vote by proxy. The convention may adopt such rules as necessary to govern its procedure in making nominations, voting, counting and canvassing votes and for the conduct of any business which may properly be brought before the convention, but such rules shall not be in conflict with the provisions of this section.
"(f) After a person has been elected to be appointed to fill a vacancy in the office of member of the state board of education, the chairperson or vice-chairperson of the convention shall execute a certificate, under oath, stating that such person has been duly elected to be appointed to fill such vacancy and shall transmit such certificate to the governor. Thereupon, and not later than seven days after such certificate is received in the office of the governor, the governor, or in the governor's absence the lieutenant governor, shall fill such vacancy by appointing to the office of member of the state board of education the person so elected. In the event the governor or lieutenant governor fails to appoint any person as required by this subsection after receiving a lawfully executed certificate hereunder, such person shall be deemed to have been so appointed notwithstanding such failure. The person so appointed may qualify and enter upon the duties of office immediately after appointment.
"A person shall be elected to be appointed to fill a vacancy in the office of member of the state board of education within 35 days after such vacancy occurs. If no person is so elected within the 35-day period, the governor shall fill such vacancy by appointment of an elector of the same political party as that of the board member vacating such position and who resides in the board member district corresponding to such board member position. The person so appointed may qualify and enter upon the duties of office immediately after appointment."[6]
The procedure to be followed in filling a vacancy in member position 6 in the State Board of Education is prescribed in subsections (d), (e), and (f) of K.S.A. 1999 Supp. 25-3902a.
The term of office for the person serving in member position 6 is scheduled to end in January, 2001.[7] "Members appointed to fill a vacancy in a board member position shall serve from time of appointment until the second Monday in January next following the election of a member to that board member position."[8] Applicable rules of statutory construction are set forth in Hartford Cas. Ins. Co. v. Credit Union 1 ofKansas.[9]
"The interpretation of a statute is a question of law, and this court's review is unlimited. The fundamental rule to be applied when interpreting a statute is that the intent of the legislature governs, where that intent can be ascertained. Where a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should be. Where, however, the face of the statute leaves its construction uncertain, the court is not limited to a mere consideration of the language used, but may consider the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested."[10]
Subsection (d) of K.S.A. 25-1906 clearly allows a person appointed to fill a vacancy in the State Board of Education to serve only "until the second Monday in January next following the election of a member to that board member position." The Legislature has prescribed that board member position 6 is subject to election in November, 2000. There are no provisions which would permit the extension of the term based on the fact that a person had recently been appointed to fill a vacancy in the member position. Allowing a person to serve such an extended term would violate a principle repeatedly enacted by the Legislature that a person appointed to fill a vacancy be permitted to serve for no more than the unexpired term of the vacant position.[11] Therefore, board member position 6 is subject to election during the general election conducted November 7, 2000, regardless whether a person has recently been appointed to fill a vacancy in that board member position.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] See Kan. Const., Art. 6, § 3; K.S.A. 72-7503.
[2] K.S.A. 72-7504(b).
[3] K.S.A. 25-3903. See also K.S.A. 72-7504(a).
[4] K.S.A. 1999 Supp. 4-509.
[5] See K.S.A. 1999 Supp. 4-4,224; 4-4,225; 4-4,227; 4-4,239.
[6] K.S.A. 1999 Supp. 25-3902a.
[7] See K.S.A. 25-1906.
[8] K.S.A. 25-1906(d).
[9] 268 Kan. 121 (1999).
[10] Hartford Cas. Ins. Co., 268 Kan. at 124-25 (citations omitted).
[11] See i.e., K.S.A. 1999 Supp. 12-1926 (recreation district); K.S.A.19-203 (county commission); 19-303 (county clerk); 19-504 (county treasurer); 19-715 (county attorney); 19-804 (county sheriff); 19-1203 (register of deeds); 19-3419 (county election commissioner); 19-4404 (county law enforcement agency); 22a-103 (district attorney); 25-312a (district court judge); 25-321 (state senator and representative); 25-2022 (local board of education); 47-2002 (Kansas Sheep Council); K.S.A. 1999 Supp. 47-2302 (Kansas Dairy Commission); 74-4905 (KPERS board of trustees; appointed members).